## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**KAMALAH CORDELL,**

      **Petitioner,**

**v.**                                                                 **Case No. 1:20-cv-00542**

**WARDEN, Alderson Prison Camp,**

      **Respondent.**


### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner Kamalah Nicole Cordell's *pro se* "Motion for Credit Towards Sentence for Detention During Pretrial" construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's response requesting the Court deny the petition. (ECF No. 9). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Cordell clearly is not entitled to relief; therefore, the undersigned respectfully **RECOMMENDS** that her § 2241 petition be **DENIED**, (ECF No. 1); Respondent's request for denial of the petition be **GRANTED;** (ECF No. 9), and this matter be **DISMISSED**, with prejudice, and removed from the docket of the Court.

## I.    <u>Relevant Factual and Procedural Background</u>

Cordell was convicted in the United States District Court for the District of Maryland ("Sentencing Court") on a drug offense and was sentenced to 36 months of imprisonment to be followed by three years of supervised release. *USA v. Henderson et al.,* No. 1:18-cr-00189-RDB-2 (D. Md. Mar. 25, 2019); (ECF No. 9-5). She first filed a "Motion For Credit Towards Sentence for Detention During Pretrial" in the Sentencing Court on October 22, 2019, requesting that 14 months she spent on home confinement before her conviction and sentencing be credited to her sentence. (ECF No. 9-6). This action was construed as a petition under 28 U.S.C. § 2241 and transferred to this Court, where it was dismissed without prejudice at Cordell's request. (ECF No. 9-10).

On August 13, 2020, Cordell filed the instant petition, again requesting that her 14 months of pretrial home detention be credited toward her 36-month sentence. (ECF No. 1). Cordell contends that home incarceration is similar to imprisonment and involves 24-hour lockdown save for "medical necessities and court appearances or other activities specifically approved by the court." (*Id.*).

On November 2, 2020, Respondent provided a response asking the Court to deny Cordell's petition. (ECF No. 9). Respondent argues that "time spent on pre-trial supervision does not count as official detention pursuant to 18 U.S.C. § 3585(b)." (*Id.* at 4). Although the bond conditions Cordell was required to abide by were restrictive, Respondent contends that her time spent on home confinement does not constitute official detention under § 3585(b) and therefore cannot be counted toward her sentence. (*Id.* at 5–6).

On November 3, 2020, the undersigned entered an Order providing Cordell with sixty days to file a reply to the response. However, Cordell provided no reply to

Respondent's arguments. A search of the BOP's Inmate Locator tool indicates that Cordell was released from custody on June 9, 2021.[1]

## II.    **Standard of Review**

Respondent "moves this Court to deny Petitioner's" § 2241 petition. (ECF No. 9 at 7). Respondent does not articulate under which rule's authority he seeks denial of the petition, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, this distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a

---

[1] BOP Inmate Locator Tool, https://www.bop.gov/inmateloc/.

federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III.   <u>Discussion</u>

Although Cordell styles her claim as a "Motion for Credit Towards Sentence for Detention During Pretrial Pursuant," the undersigned **FINDS** that she petitions for relief pursuant to § 2241, as she is challenging the execution of her sentence. For the reasons that follow, the undersigned **FINDS** that Cordell's petition is without merit and should be dismissed as she is not entitled to credit against her sentence, and it appears that her claim is now moot.

### A.   *Cordell is Not Entitled to Credit Against Her Sentence*

Cordell's contention that she is entitled to credit against her sentence for time spent on home incarceration is plainly without merit, as the Supreme Court of the United States roundly rejected such a claim in *Reno v. Koray,* 515 U.S. 50, 52 (1995). Although the Supreme Court specifically examined in *Reno* whether pretrial release to a community treatment center could be credited against a defendant's sentence, the Court's analysis applies to any situation involving pretrial or presentence release. Noting that 18 U.S.C. § 3585(b) required a defendant to "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

4

commences," the Supreme Court deliberated the meaning of "official detention," concluding that official detention included ***only*** time spent confined in the custody of the Attorney General pursuant to an order of detention, and did not include time spent on "release," even under the most stringent limitations. *Id.* at 55, 57-58.

Cordell was given pretrial release, albeit subject to home incarceration and other restrictive conditions. (ECF No. 9-3). Nonetheless, she was not detained by the Court, surrendered to the custody of the Attorney General, or exposed to BOP control. Accordingly, her time spent on pretrial release does not qualify for credit under 18 U.S.C. § 3585(b). *See United States v. Summers-Grace*, No. CR ELH-16-0594, 2020 WL 1235016, at *3 (D. Md. Mar. 13, 2020) ("Moreover, the Court determined that 'credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' and who were subject to BOP's control.") (quoting *Reno,* 515 U.S. at 58); *Collins v. Butler*, No. CV 6:15-063-DCR, 2015 WL 4973620, at *3 (E.D. Ky. Aug. 19, 2015) ("Following the Supreme Court's decision, federal courts have uniformly upheld the BOP's conclusion that time spent in home detention does not qualify as 'official detention' warranting presentence credits under § 3585(b) because it is a form of 'release,' not a form of 'detention.') (citations omitted); *Givens v. Thomas*, No. 3:CV-12-874, 2013 WL 3102895, at *4 (M.D. Pa. June 18, 2013) ("Pursuant to the standards announced in *Reno v. Koray,* Givens is simply not entitled to § 3585 credit for the period of his home confinement with electronic monitoring regardless of how restrictive those conditions may have been."); *Halstead v. Apker*, No. CV 11-0225 TUC-FRZ, 2011 WL 7004336, at *2 (D. Ariz. Nov. 8, 2011), *report and recommendation adopted,* No. CV 11-225-TUC-FRZ, 2012 WL 92843 (D. Ariz. Jan. 12, 2012) (finding that home incarceration with electronic monitoring, although quite restrictive, was not

"official detention" under § 3585(b)). Accordingly, the undersigned **FINDS** that her petition should be **DENIED**.

### B. Cordell's Petition is Moot

Even if Cordell's petition were meritorious, her claim would not be cognizable in this Court because her claim is now moot in light of her recent release from custody. Though neither party raised the issue in their filings, the question of mootness may be raised *sua sponte* by the Court given that "mootness goes to the heart of the Article III jurisdiction of the courts." *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 228 (4th Cir.1997); *see also Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)

As a prerequisite to the exercise of federal jurisdiction, the claim before the court must present an actual case or justiciable controversy. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual...events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Action by a defendant that simply accords all the relief demanded by the plaintiff may moot an action." *W. Virginia Highlands Conservancy v. Norton*, 161 F. Supp. 2d 676, 679 (S.D.W. Va. 2001) (citing 13A Federal Practice and Procedure § 3533.2). A case becomes moot, and accordingly no longer falls within the court's subject matter

jurisdiction, when it is "impossible for a court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, neither exception applies. Cordell does not challenge her conviction or raise a substantive challenge to the legality of her sentence; rather, she brings this petition to challenge the BOP's allegedly improper calculation of her sentence due to its failure to award her prior custody credit. This case does not involve any collateral

consequences. "Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant." *Maultsby v. Rickard*, No. 1:17-CV-04612, 2018 WL 4289648, at *2 (S.D.W. Va. June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va. Sept. 6, 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Following the decision in *Ketter,* courts have continued to find moot habeas petitions which raise challenges to the execution, rather than the imposition, of a sentence when the petitioner has been released from custody. *See, e.g., Jennings v. Andrews,* No. 5:19-HC-2029-BO, 2019 WL 6211268, at *2 (E.D.N.C. Nov. 20, 2019) (petitioner's claims challenging calculation of sentence were rendered moot by release from custody while substantive claims were not); *Sneed v. Joyner,* No. 518-cv-02448-DCC-KDW, 2019 WL 2090849, at *2 (D.S.C. Mar. 19, 2019), *report and recommendation adopted*, No. 5:18-CV-02448-DCC, 2019 WL 2089544 (D.S.C. May 13, 2019) ("Petitioner has received the relief he seeks in the 28 U.S.C. § 2241 Petition under review: to be released. Accordingly, his Petition may be dismissed without prejudice as moot."); *Dickerson v. Fed. Bureau of Prisons*, No. 5:10-CV-01363, 2013 WL 6388738, at *2 (S.D.W. Va. Dec. 6, 2013) (the petitioner's assertion he was entitled to prior custody credit for state custody was rendered moot by release).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has clarified the extent to which release from custody will moot a challenge to a sentence. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018). In that case, the defendant challenged his sentence on appeal as procedurally and substantively unreasonable. *Id.* The United States argued that, because the defendant had served his custodial term of incarceration, his claim was moot, notwithstanding that he continued to serve a term of supervised release. *Id.* at 65. The Fourth Circuit rejected this contention, finding that the

custodial term and the term of supervised release presented a "unitary" sentence, and "a challenge to that sentence presents a live controversy, even though [the defendant] has served the custodial portion of that sentence." *Id*. The Fourth Circuit explained that "[a]lthough the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court *could* grant relief to the prevailing party in the form of a shorter period of supervised release." *Id*. at 66.

Although Cordell is now presumably on supervised release, granting relief in this matter would have no effect on her term of supervised release. *See United States. v. Johnson*, 529 U.S. 53, 59 (2000) (holding that additional time served due to errors in the calculation of a term of imprisonment cannot be offset against the remaining term of supervised release); *see also Maxey v. Warden, FCI Petersburg*, No. 1:09CV443LMB/TCB, 2010 WL 1703731, at *2 (E.D. Va. Apr. 26, 2010) ("Even if [the petitioner's] claim were meritorious and he actually served more time in custody than he should have due to BOP miscalculations, excess prison time cannot offset and reduce a term of supervised release."); *Martin v. Belleou*, No. 5:05-CV-00609, 2008 WL 3539741, at *2 (S.D.W. Va. Aug. 12, 2008) (supervised term of release could not be reduced due to alleged error in calculation of good time credits, rendering petition mooted by release).

The second exception, regarding challenged actions which are capable of repetition yet evading review, likewise is not applicable. In order for this issue to arise again, Cordell would need to again be charged with an offense and released pretrial, then convicted and sentenced without consideration of the hypothetical pretrial release credits. It is not reasonable to assume that this scenario will ever again come to pass. *Maultsby*, No. 1:17-CV-04612, 2018 WL 4289648, at *2. An order directing the BOP to recalculate Cordell's

sentence and grant her credit for the time she spent on pretrial release could have no effect on her sentence.  As there is no further relief which this Court can grant based on the petition, the undersigned **FINDS** that Cordell's § 2241 petition is moot and should be dismissed without prejudice.

## IV.    <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1. Cordell's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**;

2. Respondent's request for denial of the petition, (ECF No. 9), be **GRANTED**; and

3. That this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** September 23, 2021

Cheryl A. Eifert
United States Magistrate Judge